Andrea Darrow Smith, Esq. (SBN: 265237)
andrea@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
4129 Main Street, Suite B8
Riverside, CA 92501
(951) 784-7770
(619) 297-1022

Attorneys for Ziad Ayoub

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Ziad Ayoub | Case No: '12CV1480 IEG BLM |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Law Offices of Michael & Associates; American Express Bank FSB | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Ziad Ayoub, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Law Offices of Michael & Associates ("Michael & Associates"); American Express Bank FSB ("AMEX"), (collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

///

8. Any and all violations alleged against Defendant Michael & Associates are imputed to Defendant AMEX under the theory of vicarious liability, because the actions undertaken by Defendant Michael & Associates were an attempt to collect the alleged debt by an attorney's office on behalf of Defendant AMEX.

9. All violations alleged under the FDCPA are alleged against Michael & Associates.

10. All violations alleged under the Rosenthal Act are alleged against AMEX.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

13. Because Defendants do business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

15. Defendants commonly conduct business in San Diego County and are subject to personal jurisdiction in San Diego County, therefore Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

16. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

17. Plaintiff is a natural person who resides in the City of Pasadena, State of California.

18. Defendant Michael & Associates is located in the City of Thousand Oaks, in the State of California.

///

19. Defendant AMEX is located in the City of Salt Lake City, in the State of Utah.

20. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. Defendant Michael & Associates is a person who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

22. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

23. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

24. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

25. Sometime before January 2012, Plaintiff is alleged to have incurred certain financial obligations in the form of a credit card allegedly debt owed to AMEX.

///

///

26. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

27. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

28. Sometime thereafter, but before January 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

29. Subsequently, but before January 2012, the alleged debt was assigned, placed, or otherwise transferred, by Defendant AMEX to Defendant Michael & Associates for collection.

30. In January 2012, Michael & Associates began placing calls to Plaintiff seeking to collect the alleged debt owed to AMEX.

31. On or about January 20, 2012, Defendant Michael & Associates, acting as AMEX's attorney, telephoned Plaintiff and demanded payment of the alleged debt.

32. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

33. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

34. During the telephone conversation, Plaintiff informed Michael & Associates that he and his wife had been audited by the IRS and that the IRS had placed

tax liens on their assets and that the IRS limits his payments to other creditors and that he was unable to pay for this reason.

35. Despite Plaintiff's explanation to Michael & Associates that he could not pay the alleged debt due to the imposition of IRS tax liens, Plaintiff received daily phone calls on his cell phone from both Defendants throughout the months of February 2012 and March 2012.

36. Between the months of January 2012 and March 2012, Plaintiff also received multiple calls from AMEX directly.

37. When Plaintiff would answer a call from AMEX, he was often yelled and screamed at as soon as he connected the call.

38. Through this conduct, Defendant AMEX engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, AMEX violated Cal. Civ. Code §1788..17 as it incorporates by reference 15 U.S.C. § 1692d.

39. Plaintiff is in the real estate appraisal business, and on more than one occasion, Plaintiff answered a call from AMEX while driving a client to a property showing and was yelled at by AMEX as soon as he connected the call.

40. Due to the high volume of calls, and the screaming by AMEX callers, Plaintiff informed both Defendants that he works in the real estate business and is often with clients conducting property showings during regular business hours and that the constant collection calls interrupt client showings and embarrass him.

41. Plaintiff therefore requested that Defendant's not call his cell phone, as he explained he used his cell phone only for work, and instead requested that Defendants call him at his home phone number.

///

///

42. Despite his requests that Defendants not call his cell phone, Plaintiff continued to receive daily phone calls to his cell phone from Defendants attempting to collect the debt through the month of March 2012.

43. Without the prior consent of the consumer given directly to the Defendants or the express permission of a court of competent jurisdiction, Defendants communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  Consequently, Defendants violated 15 U.S.C. § 1692c(a)(1) and Cal. Civ Code § 1788.17 as it incorporates this portion of the the FDCPA.

44. Through this conduct, Defendants communicated, by telephone, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances.  Consequently, Defendants violated Cal. Civ. Code § 1788.11(e).

45. During the month of March 2010, Michael & Associates also placed multiple call's to Plaintiff's place of employment and spoke with Plaintiff's receptionist.

46. Plaintiff told Michael & Associates not to call his place of employment.

47. Despite Plaintiff's request, Michael & Associates continued to call Plaintiff's place of employment.

48. During the calls placed to Plaintiff's place of employment, Michael & Associates frequently spoke to Plaintiff's secretary and informed her that Plaintiff owed money and that he has to pay Defendants.

49. During one such call, Michael & Associates left a message with Plaintiff's receptionist for Plaintiff to call "Sam Burns" at Michael & Associates regarding File Number 12016811 for a debt collection matter.

50. On or about March 5, 2012, Michael & Associates acting as AMEX's attorney, telephoned Plaintiff's place of employment and again spoke with

Plaintiff's secretary and left a message for Plaintiff to call "Sam Burns" and "Michael & Associates".

51. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendants, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendants communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Plaintiff. Consequently, Defendants violated 15 U.S.C. § 1692c(b) and Cal. Civ. Code § 1788.17 as it incorporates the FDCPA.

52. Through this conduct, Defendants communicated with the employer of Plaintiff regarding the alleged debt when such a communication was not necessary to the collection of the alleged debt, and when the attorney for Plaintiff had not consented in writing to such communication. Consequently, this conduct or omission violated Cal. Civ. Code § 1788.12(a).

53. In addition to calls directly to Plaintiff, AMEX also placed calls to Plaintiff's wife.

54. During the months of January 2012 through March 2012, Plaintiff's wife received multiple calls from AMEX seeking collection of the alleged debt.

55. Whenever Plaintiff's wife would answer a collection call from AMEX, the caller would scream at her and belittle her, often stating that she had nothing better to do so they were calling to check on her.

56. Defendants' abusive actions over in a short amount of time overwhelmed Plaintiff, causing him to suffer a great deal of emotional distress, loss of professional reputation, as well as mental anguish which manifested in symptoms including, but not limited to: nervousness, stress, anxiety,

embarrassment, and humiliation all significantly impacting his job, and personal and professional relationships.

## CAUSES OF ACTION

### COUNT I

### AS TO MICHAEL & ASSOCIATES

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

57. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

58. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

59. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### COUNT II

### AS TO ALL NAMED DEFENDANTS

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

60. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

61. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

62. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a);

statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Michael & Associates, and Plaintiff be awarded damages from Defendant Michael & Associates, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

WHEREFORE, Plaintiff prays that judgment be entered against Defendant AMEX, and Plaintiff be awarded damages from Defendant AMEX, as follows:

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

///

63. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: June 15, 2012						By: s/ Andrea Darrow Smith
										Andrea Darrow Smith
										Attorneys for Plaintiff